UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSEPH RACANELLI, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-4110 |
| | ) | |
| GREGG SCOTT, et. al., | ) | |
|     Defendants. | ) | |

**OPINION**

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis. [3]

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff has identified five Defendants including Director Gregg Scott, Assistant Director Eric Kunkel, James Clayton, Jeremy Seymour, and James Dimas. Plaintiff also lists an unspecified number of John Doe Defendants.

Plaintiff plead guilty to one count of Aggravated Criminal Sexual Abuse on July 14, 2006. Plaintiff was then incarcerated in the Illinois Department of Corrections. On an unspecified date, Plaintiff was transferred to the Rushville Treatment and Detention Center as a civil detainee pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*.

Plaintiff says he was only required to register as a sex offender for ten years. Since Plaintiff pled guilty in 2006, he says the time period is up. Nonetheless, Plaintiff says he is still registered as a sex offender. In addition, Plaintiff says his offense is listed incorrectly as "Aggravated Sexual Abuse/Bodily Harm and Criminal Sexual Assault/Force." (Comp., p. 9). Plaintiff does not explain how any of the named Defendants are responsible for his sex offender registration.

More important, Illinois Sex Offender Registration Act (SORA) does not apply when an individual is incarcerated in the Illinois Department of Corrections or confined to any other facility. *See* 730 Ill. Comp. Stat. 150/7.

> Liability for registration terminates at the expiration of 10 years from the date of conviction or adjudication *if not confined to a penal institution*, hospital or any other institution or facility and *if confined, at the expiration of 10 years from the date of parole, discharge or release from any such facility,* providing such person does not, during that period, again become liable to register under the provisions of this Article. *Id.*(emphasis added).

Therefore, the ten year period has not expired.

Plaintiff also appears to allege his conviction is not properly identified in the sex offender registry. However, it appears the listing simply provides details about his offense rather than add an additional offense. In addition, it is not clear how any named Defendant is responsible for Plaintiff's allegation, nor has Plaintiff clearly articulated a constitutional violation. Therefore, his motion for leave to proceed in forma pauperis is denied [3] and his case is dismissed.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's petition to proceed in forma pauperis is denied. [3] Plaintiff's complaint is dismissed for failure to state a claim. The Clerk of the Court is directed to enter judgment pursuant to Federal Rule of Civil Procedure 58. The case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Entered this 5th day of October, 2017.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE