UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH RACANELLI,<br>    Plaintiff, | )<br>)<br>) |
| v. | )    17-4110<br>) |
| GREGG SCOTT, et. al.,<br>    Defendants. | )<br>) |

## OPINION

Plaintiff has filed a motion to reconsider the October 5, 2017 order dismissing his case. [8]

Plaintiff is civilly detained in the Rushville Treatment and Detention Center pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, *et seq*. Plaintiff's complaint alleged five Rushville Defendants violated his constitutional rights based on his complaints with the Illinois Sex Offender Registration Act (SORA). *See* 730 ILCS 150/1 *et.seg*. Plaintiff claimed he pled guilty to a sexual offense in 2006. However, Plaintiff maintained he was no longer required to register as a sex offender because the ten year time limit had expired. In addition, Plaintiff claimed the sex offender registry listed the incorrect offense. The Court found Plaintiff had failed to articulate a claim upon which relief could be granted against the Rushville Defendants and dismissed his complaint. *See* October 5, 2017 Opinion.

Plaintiff does not state whether his motion to reconsider the dismissal was filed pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), but he has filed his motion

1

within the time frame required for a motion pursuant to Rule 59(e). Nonetheless, "whether a motion filed within days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir.2008) (*emphasis in original*). For instance, Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or presents newly discovered evidence that was not previously available. *See Sigsworth v City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). By contrast, Rule 60(b) permits a court to relieve a party from an order or judgment based on mistake; surprise or excusable neglect by the movant; fraud or misconduct of the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the deadline for filing a Rule 59(e) motion.

In his motion, Plaintiff clarifies he plead guilty to one count of Aggravated Criminal Sexual Abuse in 2006 and he was sentenced to a term in the Illinois Department of Corrections (IDOC). On February 2, 2007, Plaintiff was found to be sexually violent offender and he was transferred to the Rushville Treatment and Detention Center where he remains civilly committed.

Plaintiff argues since he was released from IDOC in 2006, SORA no longer requires him to register. The act does state "[a]ny other person who is required to register under this Article shall be required to register for a period of 10 years after conviction or adjudication if not confined to a penal institution, hospital or any other institution or facility, and if confined, for a period of 10 years after parole, discharge or

2

release from any such facility." 730 ILCS 150/7.   As noted, Plaintiff is still civilly detained in a treatment facility.

More important, SORA defines a sexual predator as any person who was "found to be a sexually violent person pursuant to the Sexually Violent Persons Commitment Act." 730 ILCS 150/2 (E)(4).  And the section of the act which refers to the duration of registration states "[a] sexually violent person or sexual predator shall register for the period of his or her natural life after conviction or adjudication if not confined to a penal institution, hospital, or other institution or facility, and if confined, for the period of his or her natural life after parole, discharge, or release from any such facility." 730 ILCS 150/7.   Therefore, the ten year time period does not apply to Plaintiff.

Plaintiff also alleges his due process rights were violated when he was placed on the sex offender registry, but again, Plaintiff is still civilly committed pursuant to the Illinois Sexually Violent Persons Commitment Act. In addition, the Rushville Defendants are not involved in Plaintiff's conviction, nor the length of time Plaintiff is required to register as a sexually violent person.

Plaintiff has failed to meet his burden pursuant to either Federal Rule of Civil Procedure 59 (e) or 60(b).

IT IS THEREFORE ORDERED Plaintiff's motion to reconsider the October 11, 2017 dismissal of his lawsuit is denied. [8].

Entered this 26th day of June, 2018.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE